IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHON M. BENNETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANSCARE AMBULANCE SERVICE, ET AL. | : | NO. 11-176 |

**MEMORANDUM**

Padova, J.                                                                                                      March 9, 2012

Pro se Plaintiff Stephon Bennett brings this civil rights action against prison officials and Defendant Transcare Ambulance Service ("Transcare") alleging that he was assaulted in prison and then provided inadequate medical care. When Transcare failed to respond to the Complaint, the Clerk of Court entered default against it.[1] Plaintiff then filed a Motion for Default Judgment against Transcare, which Transcare has opposed. At the same time, Transcare has filed a Motion for Relief from Default. For the following reasons, we deny Plaintiff's Motion, grant Transcare's Motion, and set aside the entry of default.

**I.   BACKGROUND**

According to the Complaint, Plaintiff was a pre-trial detainee in Curran-Fromhold Correctional Facility, when he was left in an unlocked cell and assaulted by several inmates. However, he did not see a doctor until the next day and prison officials did not call for an ambulance until more than 24 hours after the assault occurred.

Transcare, which is a privately-contracted ambulance service, arrived at the prison to transfer Plaintiff to the hospital. According to the prison paperwork, Plaintiff was to be transported to Aria Health Hospital/Trauma Unit, but Transcare brought Plaintiff to Frankford Hospital instead. It was

---

[1] Although the Complaint asserts claims against several other Defendants as well, Plaintiff has only successfully served Transcare thus far.

several hours before Transcare transported Plaintiff to the correct hospital.  As a result of the mistake, Plaintiff alleges that his medical treatment was delayed and his injuries were aggravated.

The Complaint asserts the following claims pursuant to 42 U.S.C. § 1983:  1) violation of due process; 2) failure to protect; 3) deliberate indifference to safety; 4) delay in medical treatment; 5) cruel and unusual punishment; 6) deliberate indifference to medical needs; and 7) violation of equal protection.  It does not make clear which claims are against which Defendants.

Transcare was served with the summons and Complaint, and never responded.  As a result, Plaintiff requested an entry of default against it, and the Clerk of Court entered default against Transcare on December 22, 2011.  Plaintiff filed the instant Motion for Default Judgment on January 12, 2012.  We directed the Clerk of Court to mail a copy of Plaintiff's Motion to the address listed for Transcare on the summons, and to also enter that address on the docket.  Transcare filed a response to Plaintiff's Motion on January 31, 2012, and argues in its response that we should deny the Motion.  Transcare has also filed a Motion for Relief from the Entry of Default.

## II.   LEGAL STANDARD

"The decision of whether to grant a default judgment is left to the sound discretion of the district court."  Airtech v. Born Envtl. Servs., Inc., Civ. A. No. 02-8524, 2003 WL 22097489, at *1 (E.D. Pa. May 27, 2003) (citing Harad v. Aetna Ins. Co., 839 F.2d 979 (3d Cir. 1988)).  A court "may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  We consider three factors in determining whether to grant a default judgment or set aside an entry of default:  "(1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) (citations omitted).  Entries of default and default judgments are disfavored, and the United States Court of Appeals for the

Third Circuit "require[s] doubtful cases to be resolved in favor of the party [opposing the default judgment] 'so that cases may be decided on their merits.'" United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)).

### III.    DISCUSSION

Transcare argues that all three factors weigh in favor of denying the Motion for Default Judgment and setting aside the entry of default. It argues that it has several meritorious defenses, that it was not culpable in failing to respond to the Complaint, and that denying the Motion and setting aside the entry of default will not prejudice Plaintiff.

#### A.    Litigable Defense

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 244). "It is not enough for Defendant to simply deny the factual allegations in Plaintiff's complaint. Rather, Defendant must allege facts, which, if established, would enable Defendant to prevail in the action." Airtech, 2003 WL 22097489, at *1 (citing $55,518.05 in U.S. Currency, 728 F.3d at 196).

Transcare asserts three defenses and argues that each alone would entitle it to an entry of judgment in its favor on Plaintiff's claims. Transcare argues that 1) it is not a state actor and thus cannot be sued under 42 U.S.C. § 1983; 2) as a factual matter, there was no delay in Plaintiff's treatment and Transcare acted reasonably and appropriately under the circumstances; and 3) Plaintiff failed to exhaust prison administrative remedies.

Transcare has only generally averred that it is not a state actor and that Plaintiff has failed to exhaust his administrative remedies. It sets forth no specific facts to support either of these two

defenses. However, Transcare has set forth specific facts about its third defense, namely, that as a factual matter, it did not violate Plaintiff's constitutional rights. As Transcare explains, it received instructions to transport Plaintiff to Frankford Hospital, which is also known as Aria Health Frankford Hospital, and it did so. Moreover, according to Transcare, Plaintiff was actually treated at Frankford Hospital. Thereafter, it was determined that Plaintiff should be transferred to Aria Health Torresdale Hospital for additional evaluation and treatment. Transcare then transferred Plaintiff to Torresdale Hospital. As Transcare notes, these alleged facts are critically different than the allegations in the Complaint that Transcare took Plaintiff to the wrong hospital and that he was only treated hours later when transferred to the correct hospital. The facts as Transcare presented them thus would constitute a complete defense at trial. Accordingly, Transcare has presented a meritorious defense which supports denying the Motion and setting aside the entry of default.[2]

    B.    <u>Culpable Conduct</u>

"Culpable conduct can include intentional conduct or reckless disregard for repeated communications from the Plaintiff or the Court . . . . Mere negligence on the part of the defendant is not sufficient for a finding of culpable conduct." <u>Airtech</u>, 2003 WL 22097489, at *2 (citing <u>Hritz v. Wama Corp.</u>, 732 F.2d 1178, 1183 (3d Cir. 1984)). Transcare has submitted an affidavit of Jeff Ellis, a vice president, explaining why it did not respond to the Complaint in a timely fashion. According to the affidavit, Ellis is responsible for reviewing and handling legal matters, including summons and complaints, but he never received a copy of Plaintiff's Complaint. Ellis opines that the documents were either misfiled or discarded. While this conduct appears to be negligent, we cannot conclude that it was intentional or reckless. Furthermore, it is noteworthy that after we directed that Transcare's address be

---

[2] In response to Transcare's Motion for Relief from Default, Plaintiff argues that Transcare's state actor and exhaustion defense are not meritorious. However, he does not address Transcare's factual defense, he merely reasserts his version of the facts.

entered on the docket, and directed the Clerk of Court to send all filings to that address, Transcare timely responded to Plaintiff's instant Motion. This factor thus weighs in favor of denying Plaintiff's Motion and setting aside the entry of default.

    C.     Prejudice

"[T]o establish prejudice, a plaintiff must at least allege that the defendant's default has in some way hindered its ability to establish its case." Airtech, 2003 WL 22097489, at *2 (citing Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 657 (3d Cir. 1982)). In the instant case, Plaintiff has only generally asserted that he has been prejudiced by Transcare's failure to respond to the Complaint. He has not argued that his ability to establish his case has been affected by Transcare's delay in responding to the Complaint. Indeed, this action sat idle for months until we told Plaintiff that he risked having his case dismissed for lack of prosecution. Only then did Plaintiff request a default and file the Motion for Default Judgment. Accordingly, this factor weighs in favor of denying Plaintiff's Motion and setting aside the default.

As all three factors weigh in Transcare's favor, we deny Plaintiff's Motion for Default Judgment, grant Transcare's Motion, and set aside the entry of default against Transcare.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion for Default Judgment is denied, Transcare's Motion is granted, and the entry of default is set aside. An appropriate Order follows.

                                                           BY THE COURT:

                                                           /s/ John R. Padova
                                                           John R. Padova, J.