IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHON M. BENNETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANSCARE AMBULANCE SERVICE, ET AL. | : | NO. 11-176 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                                         **April 30, 2012**

Pro se Plaintiff Stephon Bennett brings this civil rights action against prison officials and Defendant Transcare Ambulance Service ("Transcare") alleging that he was assaulted in prison and then provided inadequate medical care.  Transcare has filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has filed a Motion for Leave to File an Amended Complaint.  For the following reasons, both Motions are granted.

**I.      BACKGROUND**

According to the Complaint, Plaintiff was a pre-trial detainee in Curran-Fromhold Correctional Facility, when he was left in an unlocked cell and assaulted by several inmates.  He did not see a doctor until the next day and prison officials did not call for an ambulance until more than 24 hours after the assault occurred.

Transcare, which is a privately-contracted ambulance service, arrived at the prison to transfer Plaintiff to the hospital.  According to the prison paperwork, Plaintiff was to be transported to Aria Health Hospital/Trauma Unit, but Transcare brought Plaintiff to Frankford Hospital instead.  It was several hours before Transcare transported Plaintiff to the correct hospital.  As a result of the mistake, Plaintiff alleges that his medical treatment was delayed and his injuries were aggravated.

The Complaint asserts the following claims pursuant to 42 U.S.C. § 1983: 1) violation of

due process; 2) failure to protect; 3) deliberate indifference to safety; 4) delay in medical treatment; 5) cruel and unusual punishment; 6) deliberate indifference to medical needs; and 7) violation of equal protection. The Complaint does not make clear which claims are asserted against which Defendants. However, the only claims that could be asserted against Transcare are claims four through six and we treat the Complaint as asserting only claims four through six against Transcare.

Transcare has moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. Plaintiff did not file a response to Transcare's Motion, but instead filed a Motion for Leave to File an Amended Complaint.

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (citing Twombly, 550 U.S. at 556).  In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III.  DISCUSSION

When we evaluate a claim brought pursuant to § 1983, "we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [the plaintiff] has alleged a deprivation of a constitutional right at all.'"  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2005) (quoting Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2002)).  A pre-trial detainee's claim of inadequate medical care arises under the due process clause of the Fourteenth Amendment, though the standard for such claims is the same as that for a claim of inadequate medical care under the Eighth Amendment set forth in Estelle v. Gamble, 429 U.S. 97, 103-05 (1976).  Natale, 318 F.3d at 581.  Transcare argues that it should be dismissed as a defendant to this action because the Complaint does not allege sufficient facts to satisfy such a claim asserted against a private entity.

First, in order to state a § 1983 claim for inadequate medical care, the Complaint must allege "(i) a serious medical need, and (ii) act or omissions by [Transcare] that indicate deliberate indifference to that need."  Id. at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999));

see also Estelle, 429 U.S. at 104-06. Deliberate indifference to a serious medical need can be shown under a variety of circumstances. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citing Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)). Allegations of negligence or medical malpractice are "not sufficient to establish a Constitutional violation." Id. (citations omitted). Most relevant to Plaintiff's claim against Transcare, a constitutional violation can occur where "'necessary medical treatment [i]s . . . delayed for non-medical reasons.'" Lanzaro, 834 F.2d at 346 (alterations in original) (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985)).

In the instant case, the Complaint alleges that Transcare took Plaintiff to the wrong hospital and then waited over four hours to take him to the correct hospital. The Complaint, however, does not allege any facts that, if true, would establish that Transcare's actions arose from deliberate indifference to Plaintiff's serious medical needs rather than mere negligence.

Second, the Complaint must allege that the "deprivation [of plaintiff's constitutional rights] was committed under color of state law." See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); see also 42 U.S.C. § 1983. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50 (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). This is a "threshold issue; there is no liability under § 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (citing Versarge v. Twp. of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir. 1993)).

The Complaint alleges that Transcare, a private entity, had a contract to transport Plaintiff to the hospital. The "receipt of public funds and the performance of a function serving the public

4

alone are not enough to make a private entity a state actor." Groman, 47 F.3d at 640 (citing Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982)) (holding that volunteer first aid squad was not a state actor). Indeed, "there is no 'simple line' between state and private actors." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)). "'[T]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" Id. (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)). We use the following three tests to determine whether state action exists:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

Id. (alteration in original) (quoting Mark v. Borough of Hatboro, 57 F.3d 1137, 1142 (3d Cir. 1995)). Under any of these three tests, "the inquiry is fact specific." Id. (citations omitted). In the instant case, the Complaint does not contain any facts that would establish that Transcare was a state actor using any of these three tests.

Third, the Complaint must allege that Transcare itself, rather than its employees, was responsible for any constitutional violation. It is well settled that a municipal entity cannot be sued under § 1983 for the constitutional torts of its employees. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). This rule has been extended to private corporations. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983. Although this principle typically surfaces in the context of municipal corporations . . . . The same is true of a private corporation."

5

(footnote omitted)); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (citations omitted); Thomas v. Zinkel, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001) (citing Miller v. Hoffman, Civ. A. No. 97-7987, 1998 WL 404034, at *4 (E.D. Pa. July 7, 1998)). Accordingly, Plaintiff cannot sue Transcare solely because Transcare's employees violated Plaintiff's constitutional rights.

To sue an entity under § 1983, "the plaintiff must identify a policy or custom of the entity that caused the constitutional violation." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr., 372 F.3d 572, 580 (3d Cir. 2004) (citing Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown, 520 U.S. 397, 403 (1997)). "A plaintiff can establish causation by 'demonstrat[ing] that the [entity's] action was taken with deliberate indifference to its known or obvious consequences.'" Id. (first alteration in original) (quoting Brown, 520 U.S. at 407). In the instant case, the Complaint contains no allegations that the conduct of Transcare's employees - transporting Plaintiff to the wrong hospital and waiting for over four hours to transport him to the correct hospital - resulted from a policy or custom of Transcare. Accordingly, we conclude that the Complaint does not allege any facts that, if true, would establish that Transcare, acting under color of state law, acted with deliberate indifference to Plaintiff's serious medical needs. We further conclude, accordingly, that the Complaint fails to state a plausible claim against Transcare upon which relief can be granted. We therefore grant Transcare's Motion to Dismiss.[1]

---

[1] Transcare also argues that Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies. A prisoner is required to exhaust all available administrative remedies prior to bringing a suit under § 1983. See 42 U.S.C. § 1997e; Booth v. Churner, 532 U.S. 731, 739-41 (2001). Failure to exhaust is an affirmative defense, so Transcare bears the burden of proof. Jones v. Bock, 549 U.S. 199, 216 (2007). In the Complaint, Plaintiff admits that he did not file any administrative grievance, but states that he was held in protective custody after the assault, where grievance forms are not available, and that his requests for a grievance form went unfulfilled.

As Plaintiff is a pro se civil rights litigant, we grant his Motion for Leave to File an Amended Complaint. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment – irrespective of whether it is requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). In his amended complaint, Plaintiff should bear in mind the elements of a § 1983 claim for failure to provide adequate medical care in violation of the Fourteenth Amendment and allege facts that, if true, will establish that Transcare was deliberately indifferent to his serious medical need, that Transcare was a state actor, and that Transcare had a policy or custom that contributed to his injuries.

## IV.  CONCLUSION

For the foregoing reasons, Transcare's Motion to Dismiss is granted and Plaintiff's Motion for Leave to File an Amended Complaint is granted. Plaintiff shall file his amended complaint, if any, on or before May 30, 2012, or risk having Transcare dismissed as a party to this action. An appropriate Order follows.

BY THE COURT:

 /s/ John R. Padova
John R. Padova, J.

---

If Plaintiff indeed were denied access to the grievance procedures, then the exhaustion requirement is satisfied because there were no "available" remedies to exhaust. See Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002). Accordingly, we conclude that Transcare has not, by relying solely on the Complaint itself, met its burden of showing that Plaintiff failed to exhaust his administrative remedies.