IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHON M. BENNETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| C/O WASHINGTON, ET AL. | : | NO.  11-176 |

<u>MEMORANDUM</u>

**Padova, J.**                                                                                        **August 13, 2012**

      Defendant Transcare ML, Inc. ("Transcare") has moved to dismiss the claims against it in pro se Plaintiff Stephon Bennett's Amended Complaint, which asserts claims arising out of a prison assault on Plaintiff.  The Amended Complaint asserts claims against Transcare under 42 U.S.C. § 1983 and state law.  For the reasons that follow, we grant Transcare's Motion with respect to Plaintiff's § 1983 claim, but deny the Motion with respect to Plaintiff's state law claim.

**I.     BACKGROUND**

      The Amended Complaint alleges that Plaintiff was a prisoner in Curran-Fromhold Correctional Facility, when he was left in an unlocked cell and assaulted by several inmates, suffering several stab wounds and a collapsed lung.  He did not see a doctor until the next day and prison officials did not call for an ambulance until more than 24 hours after the assault occurred.

      Transcare, a private entity that has a contract with the Philadelphia Prison System to provide ambulance service, responded to take Plaintiff to the hospital.  En route, the corrections officers riding with Plaintiff told Transcare's ambulance technicians that they were taking Plaintiff to the wrong hospital.  The corrections officers stated that Plaintiff was to be taken to the Aria Health Hospital located in northeast Philadelphia, not Aria Health's Frankford campus.  Transcare's technicians radioed their dispatch operator to check to which hospital they were to transport Plaintiff,

and were told to continue to Aria Health's Frankford campus. When they arrived, Transcare's ambulance technicians learned that they had taken Plaintiff to the wrong hospital. Plaintiff was taken to the correct hospital, Aria Health's northeast campus, four hours later. As a result, Plaintiff's medical treatment was delayed.

The Amended Complaint asserts two claims against Transcare: 1) a § 1983 claim for violation of his 14th Amendment right to be provided with adequate medical care, and 2) a state law negligence claim.[1]

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d

---

[1] As we have noted, this is Plaintiff's Amended Complaint. Plaintiff filed his original complaint on January 18, 2011, bringing § 1983 claims against Transcare and several prison officials. Only Transcare was served with the complaint, as the summons for the other Defendants were returned unserved because they did not identify the individual Defendants specifically enough so that the correct individual could be served. Transcare failed to file a timely response to the complaint, and the Clerk entered a default against Transcare. Plaintiff moved for default judgment, which Transcare opposed, stating that it had not learned of the case before Plaintiff filed his motion for default judgment. On March 9, 2012, we denied Plaintiff's motion for default judgment and vacated the entry of default. Transcare then moved to dismiss the complaint for failure to state a claim upon which relief can be granted, to which Plaintiff responded with a motion for leave to file an Amended Complaint. We granted both motions on April 30, 2012. Plaintiff filed the instant Amended Complaint on May 31, 2012.


Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

**III.   DISCUSSION**

    A.   Section 1983 Claim

Transcare argues that Plaintiff's § 1983 claim fails to state a claim against it upon which relief can be granted because Plaintiff has failed to allege that a policy or custom of Transcare's caused the alleged constitutional violation. We agree.[2]

It is well settled that a municipal entity cannot be sued under § 1983 for the constitutional

---

[2] As we are dismissing the § 1983 claim on this basis, we need not address Transcare's other arguments that it was not a state actor and that the allegations do not amount to a constitutional violation.

torts of its employees. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). This rule has been extended to private corporations. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009) ("It has long been established that there is no respondeat superior liability under section 1983. Although this principle typically surfaces in the context of municipal corporations . . . . The same is true of a private corporation." (footnote omitted)); Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (citations omitted); Thomas v. Zinkel, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001) (citing Miller v. Hoffman, Civ. A. No. 97-7987, 1998 WL 404034, at *4 (E.D. Pa. July 7, 1998)). Accordingly, Plaintiff cannot sue Transcare solely because Transcare's employees violated Plaintiff's constitutional rights.

To sue an entity under § 1983, "the plaintiff must identify a policy or custom of the entity that caused the constitutional violation." A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004) (citing Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997)). After identifying a policy of the defendant, a plaintiff "bears the additional burden of proving that the [policy] was the proximate cause of the injuries suffered." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990) (citing Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984)). "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the [policy] and the specific deprivation of constitutional rights at issue." Id. (citation omitted). Moreover, if "the policy or custom does not facially violate federal law, causation can be established only by 'demonstrat[ing] that the [entity's] action was taken with deliberate indifference as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice.'" Berg v. Cnty. of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000) (quoting Brown, 520 U.S. at 407) (first alteration in original). "As long as the causal link is

4

not too tenuous, the question of whether the [policy] proximately caused the constitutional infringement should be left to the jury." Bielevicz, 915 F.2d at 851.

The Amended Complaint identifies no specific policy of Transcare's, but rather states the legal conclusion that Plaintiff's delay in medical care was the result of actions taken pursuant to a policy, custom, or practice of Transcare. (See Am. Compl. ¶ 59.) Under Twombly, such a legal conclusion is undoubtedly insufficient. See Twombly, 550 U.S. at 555 (citation omitted). However, we will accept, *arguendo*, Plaintiff's assertion that we should infer from the Amended Complaint that Transcare had a policy of having its ambulance technicians call dispatch to confirm what hospital to take a patient to when they are unsure.

Plaintiff states that his "constitutional claims arose not out of transportation to wrong hospital, but when plaintiff was intentionally abandoned at wrong hospital by Transcare's technicians." (Pl.'s Br. at 8.) Plaintiff, however, does not explain how Transcare's policy caused him to be abandoned at the wrong hospital for over four hours, and we can find no plausible "affirmative link" or "plausible nexus" between the policy and the alleged abandonment. While there may be causation between the policy and the decision to take Plaintiff to the wrong hospital, there is only the most tenuous connection, if any, between the policy and the decision by Transcare's employees to "abandon" Plaintiff at the wrong hospital. Accordingly, we conclude that Plaintiff has not alleged sufficient facts in his Amended Complaint to support a plausible conclusion that Transcare's policy caused the alleged constitutional violation.

Moreover, there is absolutely nothing in the Amended Complaint from which we could infer that Transcare enacted the policy, which does not facially violate any law, with "'deliberate indifference' as to its known or obvious consequences." Brown, 520 U.S. at 407 (citation omitted).

5

Plaintiff has not alleged, for example, that Transcare knew or should have known that the policy of having technicians confirm their destination with dispatch was likely to lead to patients being left at the wrong hospital without care for hours. Therefore, we will grant Transcare's Motion with respect to Plaintiff's § 1983 claim, and that claim is dismissed.[3]

B.      State Law Claim

Plaintiff also asserts a state law negligence claim against Transcare. Transcare argues that this claim should be dismissed because the facts alleged in the Amended Complaint do not establish its negligence, because the claim is untimely, and because we should decline to exercise supplemental jurisdiction over this claim.

Under Pennsylvania law, the elements of a negligence claim are 1) a duty owed to the plaintiff by the defendant; 2) a breach of that duty; 3) a causal connection between the breach and the resulting injury; and 4) actual loss or damages. Davenport v. Medtronic, Inc., 302 F. Supp. 2d 419, 439 (E.D. Pa. 2004) (citing Morena v. S. Hills Health Sys., 462 A.2d 680, 684 n.5 (Pa. 1983)). Transcare argues that the Amended Complaint fails to allege specific facts that would, if true, satisfy each of these elements and, more specifically, that Plaintiff has not alleged that it owed a duty to him other than a duty to take him to the hospital, which it did.[4]

---

[3] As we have previously given Plaintiff leave to amend this claim, we conclude that further amendment would be futile and, therefore, we dismiss Plaintiff's §1983 claim with prejudice. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted) (stating that leave to amend need not be provided if amendment would be futile).

[4] In making this argument, Transcare references Pennsylvania's fact-pleading standard. However, under the Erie doctrine, "the Federal Rules of Civil Procedure govern procedural matters in this court, such as the adequacy of pleadings and motions." Medical Accessories Ctr. Inc. v. Sharplan Lasers, Inc., Civ. A. No. 87-7402, 1991 WL 212100, at *4 (E.D. Pa. Oct. 15, 1991) (citing Hanna v. Plumer, 380 U.S. 460 (1965)); see also Andresen v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003) ("[U]nder standard Erie doctrine, state pleading requirements, so far as they are concerned with the

Under Pennsylvania law, an ambulance company has a duty to a patient to transport him safely and deliver him into the care of competent medical personnel. See Morrison v. Cmwlth, Dep't of Pub. Welfare, 610 A.2d 1082, 1086-87 (Pa. Commw. Ct. 1992) (citing McCluskey v. United States, 583 F. Supp. 740 (S.D.N.Y. 1984)), rev'd on other grounds, 646 A.2d 565 (Pa. 1994). An ambulance company breaches its duty to a patient when it delivers the patient to the hospital but fails to ensure that the patient is checked in and placed in the care of the proper medical personnel. McCluskey, 583 F. Supp. at 749-51 (finding ambulance company liable when decedent was taken to the hospital but never checked in, ambulance driver never gave paperwork to hospital employees, and decedent was left alone in hospital lobby).

Plaintiff alleges that Transcare not only took him to the wrong hospital, but abandoned him there. As a result, Plaintiff did not receive medical care at this hospital, and only received care four hours later when he was taken to the correct hospital. Keeping in mind that we construe pro se complaints liberally, we conclude that the Amended Complaint adequately alleges that Transcare breached its duty to safely transport Plaintiff into the care of the proper medical personnel and that the breach exacerbated his injuries.

Transcare also argues that Plaintiff's state law claim is untimely, as it transported Plaintiff to the hospital on November 20, 2009, and Plaintiff only asserted a state law claim against Transcare in the May 31, 2012 Amended Complaint, well after the two-year statute of limitations for negligence claims had run. See 42 Pa. Cons. Stat. Ann. § 5524. Plaintiff argues that his state law claim is timely because it relates back to his original complaint, which was filed in January 2011.

---

degree of detail to be alleged, are irrelevant in federal court even as to claims arising under state law." (citing Hanna, 380 U.S. at 466-74)).

"An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1).  Plaintiff's state law negligence claim is clearly based on the same conduct set forth in the original complaint, i.e., Transcare's failure to take Plaintiff to the correct hospital and then abandoning him without medical care for four hours. We conclude that Plaintiff's state law claim relates back to the original complaint and is, therefore, timely.

Finally, Transcare argues that we should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Under 28 U.S.C. § 1367(c), a court may decline to exercise supplemental jurisdiction over a state law claim if:  1) the claim raises novel issues of state law; 2) the claim substantially predominates over the claims the court has original jurisdiction over; 3) the court has dismissed all the claims it had original jurisdiction over; or 4) "in exception circumstances, there are other compelling reasons to decline jurisdiction."

Transcare argues that we should decline supplemental jurisdiction because allowing Plaintiff to maintain his state law negligence claim against it would lead to jury confusion because there are federal constitutional law claims remaining in this case that Plaintiff has asserted against other Defendants.  The cases it cites for this proposition, however, are clearly distinguishable, as in those cases the state law claims and the federal constitutional claims were asserted against the same defendant. See Sambrick v. Borough of Norristown, 639 F. Supp. 1351, 1356 (E.D. Pa. 1986) (citing Jones v. McElroy, 429 F. Supp. 848, 864-65 (E.D. Pa. 1977)).  As the state law claim is the only remaining claim against Transcare in this case, there is little likelihood of jury confusion, and we therefore will not decline to exercise supplemental jurisdiction over Plaintiff's state law negligence

claim. Thus, we deny Transcare's Motion insofar as it seeks dismissal of Plaintiff's state law claim.[5]

**IV.    CONCLUSION**

For the foregoing reasons, we grant Transcare's Motion insofar as it seeks dismissal of Plaintiff's § 1983 claim, and that claim is dismissed. The Motion is denied as to Plaintiff's state law claim. Transcare shall file an answer to Plaintiff's Amended Complaint within 20 days of the date of this Memorandum. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

---

[5] We note, however, that there are several unserved Defendants in this case against whom Plaintiff asserts federal constitutional claims. In the event that these claims are dismissed, either because Plaintiff fails to serve these other Defendants or pursuant to motions to dismiss, we will, upon Transcare's application, reconsider our decision to exercise supplemental jurisdiction over Plaintiff's state law claim. See 28 U.S.C. § 1367(c) (providing that a court may decline to exercise supplemental jurisdiction over a state law claim when all the claims over which it had original jurisdiction have been dismissed).